The Honorable Ed Wilkinson State Representative P.O. Box 610 Greenwood, Arkansas 72936-0610
Dear Representative Wilkinson:
This is in response to your request for an opinion on the right of a municipality or other local authority to issue burn permits in light of Act 1151 of 1997. You state that it was the legislature's hope to make this right perfectly clear with the passage of that act.
It is my opinion that the intent of Act 1151 of 1997 does allow municipalities to issue "burn permits," but only for the burning of "yard wastes." Act 1151 of 1997 is entitled "AN ACT TO CLARIFY RESTRICTIONS ON THE OPEN BURNING OF RESIDENTIAL YARD WASTES; TO SET OUT ENFORCEMENT OPTIONS AND FOR OTHER PURPOSES." The act states that the open burning of "yard wastes" "should be discouraged," and that alternate methods of yard waste disposal should be developed and made readily available to all citizens. Acts 1997, No. 1151, Sections 2 and 3. Section 3 states that: "enforcement shall be through informal educational efforts, unless such efforts are proven to be manifestly ineffective in preventing specific instances of open burning." Although the act does not mention "burn permits," it is my opinion that the intent of the act is not to prohibit the issuance of such permits as to "yard wastes." The act does not prohibit open burning of "yard waste," but rather, merely "discourage[s]" it. In addition, the act, in Section 2(d), states that: "[n]othing in this act shall be construed as impairing the authority of local fire control officials to abate fire hazards through whatever regulatory mechanisms deemed necessary and appropriate." In my opinion this language is broad enough to allow local authorities to issue burn permits for "yard wastes" within is regulatory jurisdiction.
Some legislative history is helpful in arriving at this conclusion. In years 1994 and 1995, in response to questions presented this office, I issued two legal opinions concerning the open burning of "waste materials." See Ops. Att'y Gen. 94-144 and 95-130. It was concluded in both that if cities and counties provide a readily available solid waste collection service, it is unlawful for residents to engage in open burning of waste material on their own property. Such action at that time, with limited exceptions, violated the "Arkansas Air Pollution Control Code," which Code, in my opinion, preempted any local action to issue burn permits under the "Arkansas Fire Prevention Code." It was the public discussion arising after the issuance of these two opinions and the enforcement of these conclusions by proper officials which brought about the passage of Act 1151 of 1997. In my opinion that act was passed to allow but discourage the open burning of "yard wastes," and to make available alternate methods of disposal. It has been stated that in construing the language of an act, the Arkansas Supreme Court will examine the statute historically, as well as contemporaneous conditions at time of its enactment, consequences of its interpretation and matters of common knowledge within the limits of the court's jurisdiction. Cityof Little Rock v. ATT Communications of the Southwest, Inc.,318 Ark. 616, 888 S.W.2d 290 (1994). In my opinion, therefore, in light of the history underlying the adoption of Act 1151, a court faced with the question would conclude that the issuance of "burn permits" by a municipality or other authorized local entity for the burning of "yard wastes" is permissible under Act 1151.[1] It should be noted, however, that Act 1151 only addresses "yard wastes," and does not allow or permit the burning of other waste materials unless excepted by some other law.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] It should be noted, however, that this opinion does not address any relevant or perhaps preemptory federal law. Federal law relative to air pollution is, as of this writing, in a state of flux.